ANGELE HAIMERL, respondent,

*v.*

JOHN HAIMERL et al., appellants.

[Argued May 24th, 1948. Decided September 3d, 1948.]

On appeal from a decree of the Court of Chancery advised by Vice-Chancellor Egan, who filed the following opinion:

"The complainant seeks to establish a resulting trust in premises located in Gallaway, New Jersey, the title to which stands in the name of the defendant, John Haimerl, who acquired it on May 1st, 1942. Complainant alleges that she contributed one-half of the purchase price of $2,000 for the premises upon an understanding that the defendant, John Haimerl, 'would hold the title to the premises until his son Adolf secured a divorce against his then wife' Anna Haimerl, when he would convey the same to her and Adolf, the defendant. Adolf obtained a divorce from his wife Anna in or about March, 1944. The complainant and the defendant Adolf were married on July 23d, 1944. Prior to that time

they had been living together as man and wife, while Adolf was the husband of Anna Haimerl and not divorced from her. When they married complainant requested John to convey the premises to her and Adolf. He refused her request.

"There are two causes of action in the bill. In the first one the complainant seeks separate maintenance from her husband Adolf. It being a matrimonial cause, which under the Chancery rules should be heard by an advisory master, counsel was granted a severance thereof. The second cause of action is directed against the complainant's husband, Adolf, his father, John Haimerl, and his mother, Margaret Haimerl.

"The defendants deny that any moneys were received from the complainant on account of the purchase of the premises, or that any understanding as aforesaid was given or entered into.

"The evidence indicates that complainant paid $1,000 towards the purchase price of the premises immediately prior to, or contemporaneously with, the time the title was taken in the name of John Haimerl as aforesaid, which effected a resulting trust. All the expenses of the premises arising subsequently were shared equally between the complainant and the defendant. The complainant maintains that she contributed $1,900 as her share of the expenses.

"Additional contributions were evidence of interest. Certainly, acts of ownership, and statements made against interest, are indicative of intent. The acts of ownership, and the statements against interest made by the parties herein, somewhat substantiate the complainant's claim.

"The evidence submitted on the complainant's behalf is to the effect that the title was taken in the name of John Haimerl to avoid any marital rights that Anna Haimerl could have in the premises as the then wife of the defendant Adolf; and that it was the intention of the parties that the title be held by John pending the outcome of Adolf's divorce suit against Anna, and that in the event that Adolf and the complainant subsequently became husband and wife, John then would convey the title to them.

See *Johnson* v. *Dougherty, 18 N. J. Eq. 406; Cutter* v. *Tuttle, 19 N. J. Eq. 549; Shroser* v. *Isaacs, 28 N. J. Eq.*

*320; Warren* v. *Tynan, 54 N. J. Eq. 402; 34 Atl. Rep. 1065; Baker* v. *Baker, 75 N. J. Eq. 305; 72 Atl. Rep. 1000; Pinkinson* v. *Pinkinson, 93 N. J. Eq. 583; 117 Atl. Rep. 48; Vigne* v. *Vigne, 98 N. J. Eq. 274; 130 Atl. Rep. 816; Levi* v. *Levi, 111 N. J. Eq. 127; 161 Atl. Rep. 835; Turner* v. *Cole, 116 N. J. Eq. 368; 173 Atl. Rep. 613;* affirmed, *118 N. J. Eq. 497; 179 Atl. Rep. 113; Ritter* v. *Ritter, 125 N. J. Eq. 212; 4 Atl. Rep. (2d) 846.*

"Disinterested witnesses, Julia Walti and Loretta Allison, to some extent supported the complainant's contention.

"I shall advise a decree as prayed for by the complainant."

*Mr. Louis Gluck,* for the appellants.

*Mr. Lawrence Wolfberg,* for the respondents.

PER CURIAM.

The decree will be affirmed, for the reasons expressed in the opinion of Vice-Chancellor Egan.

*For affirmance*—BODINE, DONGES, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, FREUND, McLEAN, SCHETTINO, JJ. 11.

*For reversal*—THE CHIEF-JUSTICE, HEHER, DILL, JJ. 3.